```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                   EASTERN DISTRICT OF VIRGINIA

                         Alexandria Division

DIRK POWERS,                    )
                                )
          Plaintiff,            )
                                )
     v.                         )
                                )      CIVIL ACTION 1:05CV312(JCC)
UNITED STATES PATENT &          )
TRADEMARK OFFICE, et al.,       )
                                )
          Defendants.           )
```

## M E M O R A N D U M   O P I N I O N

This matter comes before the Court on the defendants' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  For the following reasons, the Court will grant the defendants' Motion to Dismiss.

### I.  Background

The plaintiff, Dirk Powers, has filed this action against the United States Patent and Trademark Office ("PTO") and against three PTO employees, Kammand Cuneo, Jose Alcala, and David Irvine, in their individual capacities.  According to the present complaint, the plaintiff filed a patent application with the PTO for an energy conversion system.  The plaintiff alleges Cuneo and Alcala rewrote his patent application in a manner that divested the patent of meaning.  The plaintiff also claims that after learning of the defect, he sought to amend his application, and that his patent was published in the Official Gazette without any such amendment.  Further, the plaintiff alleges that he

complained to Irvine, who declined to issue a Certificate of Correction after finding that no PTO employee had acted improperly.

The plaintiff claims that the above actions deprived him of his rights under the Constitution's "Patent Clause":

> The Congress shall have Power . . . To promote the Progress of Science and useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries.

U.S. Const. Art. I, § 8, cl. 8. He seeks relief in the amount of $750 million. Furthermore, the plaintiff seeks a "retraction" in the Official Gazette "stating that not all claims were allowed to be written by the inventors themselves," claiming that such a "retraction" is necessary to remedy a defamation of character.

## II.  Standard of Review

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint, *see Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994), and should be denied unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *De Sole v. United States*, 947 F.2d 1169, 1177 (4th Cir. 1991) (citations omitted); *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In passing on a motion to dismiss, "the material allegations of the complaint are taken as admitted." *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted).

Case 1:05-cv-00312-JCC-TCB   Document 16   Filed 10/05/05   Page 3 of 5 PageID# 3

Moreover, "the complaint is to be liberally construed in favor of plaintiff."  *Id.*  In addition, a motion to dismiss must be assessed in light of Rule 8's liberal pleading standards, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8.

### III.  Analysis

The plaintiff seeks monetary relief for the alleged violation of his rights under the Patent Clause by the PTO and the three individual defendants.  In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court provided the means by which a plaintiff could recover money damages for a federal official's violation of his constitutional rights.  *Id.* at 395-97.  However, in *Federal Deposit Insurance Co. v. Meyer*, 510 U.S. 471 (1994), the Court concluded that *Bivens* did not provide a cause of action against federal agencies.  *Id.* at 484-86.  The Fourth Circuit has applied *Meyer* to hold that "*a Bivens action does not lie against either agencies or officials in their official capacity*."  *Doe v. Chao*, 306 F.3d 170 (4th Cir. 2002) (emphasis in text).  As such, the plaintiff has failed to state a claim against the PTO.

Additionally, the plaintiff has failed to state what right, if any, was abridged by the alleged actions of the PTO and the individual defendants.  The plaintiff relies solely on the Patent Clause of the Constitution.  As part of Article I, Section

-3-

8, however, the Patent Clause embodies a grant of authority to Congress and does not create a private cause of action. *See Bonito Boats v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 146 (1989) (noting that the Patent Clause contains a grant of power to Congress and certain limitations upon Congress's exercise of that power). In other words, the Patent Clause does not vest in individuals exclusive rights to their inventions; rather, it gives Congress the authority to promulgate legislation creating such rights. Because the plaintiff has not alleged a violation of any legally cognizable right, he has failed to state a claim against either the PTO or the individual defendants.

Finally, the plaintiff has requested the publication of a "retraction" in the Official Gazette to remedy a "defamation of character." The Court will presume that this "defamation of character" occurred when the plaintiff's patent, as allegedly modified by Cuneo and Alcala, was published in the Official Gazette. Regardless, the plaintiff provides no factual detail whatsoever regarding the statement that was allegedly defamatory. The plaintiff's conclusory use of the term "defamation" does not insulate his complaint from dismissal under Rule 12(b)(6) when the facts alleged in his complaint cannot support a finding of a defamatory statement. *See Young v. City of Mt. Ranier*, 238 F.3d 567, 577 (4th Cir. 2001). It is entirely unclear, moreover, how the plaintiff suffered any sort of injury from an Official

Gazette publication, or how the requested "retraction" would redress any such harm. The Court therefore finds that the plaintiff has failed to state any claims upon which relief can be granted.

### IV.  Conclusion

For the foregoing reasons, the Court will dismiss the plaintiff's claims against the PTO and the three individual defendants pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. An appropriate Order shall issue.


October 5, 2005                             _____/s/_____
Alexandria, Virginia                              James C. Cacheris
                                            UNITED STATES DISTRICT COURT JUDGE